UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDY CAROLE L.,[1]<br><br>         Plaintiff,<br><br>    v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security<br>Administration,[2]<br>         Defendant. | Case No. 4:24-cv-00133-DKG<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her applications for disability and disability insurance benefits and supplemental security income. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley became the Commissioner of Social Security Administration on December 20, 2023. Fed. R. Civ. P. 25(d).

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On May 24, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning on March 6, 2020. (AR 18). Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on April 14, 2023, before Administrative Law Judge (ALJ) Richard Hlaudy. (AR 18).[3]

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on May 17, 2023, finding Plaintiff not disabled. (AR 18-30). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On the alleged disability onset date, Plaintiff was thirty-one years of age. Plaintiff is a high school graduate with no past relevant work experience. (AR 29). Plaintiff claims disability due to physical and mental impairments including blindness or low vision, back injury, knee injury, hip pain, anxiety, depression, obesity, dyslexia, asthma, and seizures. (AR 20, 63).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

---

[3] The hearing was conducted with the consent of the Plaintiff via telephone video due to the Coronavirus Pandemic of 2019. (AR 18).

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520 and 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 6, 2020, the alleged onset date. (AR 20). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: lumbar degenerative disc disease, status post fusion L4-L5 and L5-S1, left knee chondromalacia, bilateral hip bursitis, sacroiliac (SI) joint degenerative disease, obesity, asthma, anxiety, depression, and pseudo-seizures. (AR 20). The ALJ found any other condition that was briefly mentioned in the record to be non-severe. (AR 21).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 21). The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) for light work with the following conditions:

> [C]laimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for no more than 4 hours in an 8-hour workday and sit for about 6 hours. She can occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. She can occasionally balance as defined in the Selected Characteristics of Occupations (SCO) and occasionally stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to extreme cold, extreme heat, wetness, and humidity. She can work at a moderate noise level as described in the SCO, such as a department store or grocery. She must avoid concentrated exposure to vibration and fumes, odors, dusts, gases, and poor ventilation. She should avoid all exposure to workplace hazards, such as unprotected

heights or moving machinery. Mentally, the claimant can understand, remember, and carry out simply routine tasks. She can tolerate occasional interactions with coworkers. She can tolerate brief and superficial interactions with the general public, in other words such interactions can happen, but would not last long and would not be a part of assigned duties.

(AR 24).

At step four, the ALJ found Plaintiff to have no past relevant work. (AR 29). At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as office helper, mail clerk, and marker. (AR 29-30).

## ISSUES FOR REVIEW

1. Whether the ALJ rejected all medical opinion evidence of record, relying on his own lay interpretation of the raw medical data, and crafting the RFC out of whole cloth.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

**MEMORANDUM DECISION AND ORDER - 4**

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

1. **RFC Formulation**

Plaintiff asserts that the ALJ erred by rejecting all opinion evidence of record, relying on his own lay interpretation of the raw medical data, and crafting the RFC out of whole cloth. (Dkt. 15 at 7).[4]

First, Plaintiff contends that the ALJ rejected all opinion evidence of record. *Id*. However, apparent from this Court's review, the ALJ found both agency consultants' conclusions that Plaintiff's physical impairments limit her to light work with postural and environmental limitations to be partially persuasive. (AR 28). The ALJ found the opinions not fully persuasive because there was not adequate consideration of Plaintiff's hip and left knee impairments on her ability to perform postural activities. *Id*. The ALJ pointed to inconsistencies between the opinions and medical records finding Plaintiff to have painful range of motion and mildly diminished strength secondary to pain. *Id*. at 28,

---

[4] Plaintiff initially states that the ALJ erred in his construction of the physical RFC, but then goes on to discuss the opinions of psychological state agency consultants and evidence of psychiatric abnormalities. (Dkt 15 at 7-8). As such, the Court assumes Plaintiff asserts error as to the ALJ's construction of both physical and mental limitations included in the RFC.

**MEMORANDUM DECISION AND ORDER - 5**

684, 758, 968. Notably, the ALJ did consider these medical records and provided for greater postural limitations than those identified by the agency consultants and included those in Plaintiff's RFC. (AR 24, 28). In finding as such, the ALJ appropriately translated the medical opinions and other evidence in the record into concrete limitations in the RFC. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (the Commissioner has final responsibility for determining a claimant's RFC); *see Petrini v. Berryhill*, 705 F. App'x 511, 512 (9th Cir. 2017) (because the "ALJ permissibly discounted opinions [of other medical sources], [he] was not required to incorporate their findings into the RFC finding.").

Additionally, Plaintiff does not argue that the ALJ's evaluation of the agency consultants' opinions was either unsupported by substantial evidence or constituted legal error on the part of the ALJ. (Dkt. 15); *Carmickle*, 533 F.3d at 1161 n.2. Rather, Plaintiff contends the ALJ rejected all opinion evidence of record (to varying degrees) and relied on his own interpretation of the raw medical data. However, considering the evidence and assessing an RFC that accounts for the limits of what work Plaintiff can do is the essence of what the ALJ does. "[T]here is no requirement in the regulations for a direct correspondence between and RFC finding a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

The Court finds that the ALJ considered the agency consultants' opinions and compared the opinions to other evidence in the record, described his reasons for finding the opinions to be partially persuasive, and then gave explicit reasons for including greater limitations based on other evidence in the record. (AR 28). Even if the Court were

**MEMORANDUM DECISION AND ORDER - 6**

to disagree with the conclusion of the ALJ, which it does not, the ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Accordingly, the Court is not persuaded by Plaintiff's argument that the ALJ's physical RFC determination is not supported by substantial evidence in the record because neither of the medical opinions recommended the exact limitations assessed by the ALJ. To the contrary, the Court finds substantial evidence supports the ALJ's determination.

Regarding Plaintiff's assertion that the opinion evidence was "stale" and therefore the ALJ was left with no viable medical opinion to interpret the raw medical data into functional limitations, the Court finds the ALJ did not err in evaluating the evidence without the benefit of a new medical opinion interpreting it. (Dkt. 15 at 9). The Court is unaware of any case where the Ninth Circuit has conclusively held that an ALJ may not use or interpret the medical record in making a disability determination. "It is clear that is it the responsibility of the ALJ, not the claimant's physician, to determine the [RFC]." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). The ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

Further, there is always going to be a gap in time between the non-examining state agency review at the initial and reconsideration level and the ALJ's subsequent hearing decision. A claimant will routinely continue pursuing care in the interim, thereby generating new medical records, but the mere passage of time along with the presence of additional medical evidence does not necessarily require a new consultative examination.

**MEMORANDUM DECISION AND ORDER - 7**

*See* 20 C.F.R. §§ 404.1519 and 416.919; *Meadows v. Saul*, 807 F.App'x 643, 647 (9th Cir. 2020 (unpublished) (noting there "is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time."). Accordingly, it was well within the ALJ's purview to evaluate the more recent medical evidence without a treating source interpreting it. *See Karen E. v. Berryhill*, 2019 U.S. Dist. LEXIS 53301, at *8-9 (C.D. Cal. Mar. 27, 2019) ("Certainly it may have been helpful for the ALJ to retain a medical expert to review these records, but it was not necessarily required where, as here, the ALJ reviewed the substantial medical evidence that supported his RFC determination with respect to plaintiff's [symptoms]."). Although an ALJ does not have unlimited discretion to do so, an ALJ is almost always tasked with performing some independent review of medical evidence that was not considered by one of the agency's reviewing physicians and then subsequently translating into an RFC. This is consistent with the ALJ's role as articulated by the Ninth Circuit. *See Rounds*, 807 F.3d at 1006 ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

The ALJ also found the initial agency psychological consultant's opinion to be partially persuasive and consistent with the record as a whole. (AR 28). The initial agency consultant concluded that Plaintiff's mental impairments cause moderate limitations in her ability to concentrate, persist, or maintain pace. (AR 28, 75, 77-78). The ALJ agreed that Plaintiff's anxiety, depression, and pseudo seizures would likely interfere with her ability to concentrate, persist, and maintain pace as illustrated in the consultant's opinion. (AR 28). However, the ALJ also noted that Plaintiff reported

**MEMORANDUM DECISION AND ORDER - 8**

increased anxiety in social situations and accounted for that in the RFC by providing additional limitations. (AR 28, 46-47, 549).

Plaintiff contends that the ALJ cited to evidence of psychiatric abnormality that the agency consultants had not adequately considered, and therefore relied on his own interpretation of the medical data. (Dkt. 15 at 8). However, Plaintiff does not explain which evidence the ALJ interpreted on his own relating to Plaintiff's mental impairments. Given the lack of specificity in Plaintiff's argument, Plaintiff has failed to demonstrate harmful error regarding the mental limitations in the RFC. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Rather, it appears that the ALJ included greater limitations as to Plaintiff's social interactions largely due to her testimony during the hearing regarding anxiety in social situations. (AR 28); *Laborin v. Berryhill*, 867 F.3d 1151, 1154 (9th Cir. 2017) (an ALJ must take into account a claimant's symptom testimony when determining the RFC).

Lastly, Plaintiff argues that the ALJ failed to develop the record by ordering a consultive examination or expert medical testimony to translate the recent medical data into functional limitations. (Dkt. 15 at 10). To the extent Plaintiff challenges that the record is incomplete, this issue is not properly preserved for appeal. "[W]hen claimants are represented by counsel; they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Plaintiff was represented by counsel at the administrative hearing and her counsel confirmed that he believed the record to be complete. (AR 41) ("ALJ: Is our record complete? ATTY: I think it is, Your Honor."). Because counsel confirmed that the

**MEMORANDUM DECISION AND ORDER - 9**

record was complete, any challenge on that basis is waived. *See Rivera v. O'Malley*, 2024 U.S. Dist. LEXIS 128656, at *9 (E.D. Cal. Jul. 19, 2024); *Gonzales v. Kijakazi*, U.S. Dist. LEXIS 168461, at *14 (E.D. Cal. Sept. 21, 2023).

Additionally, even if the issue had not been waived, Plaintiff has not demonstrated error warranting remand. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Plaintiff has not demonstrated that the record was ambiguous or inadequate to allow for proper evaluation. The ALJ summarized record evidence spanning multiple years, which appears to contain Plaintiff's complete treatment records that supported the ALJ's findings and did not present ambiguity or inadequacy. Additionally, that the ALJ did not obtain a consultive examination is also not an indication that the record was deficient, as such decisions are well within the ALJ's discretion. *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (finding the Commissioner "has broad latitude in ordering a consultive examination."). Although Plaintiff argues that without a consultive examination it was unclear how the ALJ translated Plaintiff's medical data into an RFC, it is Plaintiff's burden to establish disability. Here, the ALJ had almost 700 pages of medical records in addition to opinions from initial state agency consultants and those on reconsideration. The record was sufficient to allow the ALJ to make a disability determination without a consultive examination.

While the ALJ has a duty to develop the record, the Court finds that the ALJ did so here. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998). Plaintiff's counsel confirmed

during the hearing that the record was complete. (AR 41). Although Plaintiff received additional medical treatment after the agency opinions were submitted, the ALJ reviewed those records and discussed them in the decision. (AR 27-28). The evidence is not ambiguous. The ALJ found the agency consultant's opinions to be partially persuasive but included greater limitations in the RFC due to inconsistencies between the opinions and evidence in the record. (AR 28). Thus, the ALJ did not err.

## CONCLUSION

Based on the above, the Court finds the Commissioner's decision is supported by substantial evidence and reflects application of the correct legal standards. The decision will be affirmed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1) The decision of the Commissioner of Social Security be **AFFIRMED**;

2) Judgment be **ENTERED** consistent with the above in favor of Defendant.

DATED: October 15, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge